Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| **Charles E. Watts,** <br><br> Plaintiff, <br><br> v. <br><br> **Faslo Solutions, LLC;** <br> **Weinstein & Riley, P.S.;** and <br> **Richard S. Ralston;** <br><br> Defendants. | No. <br><br> **COMPLAINT** <br><br> (Jury Trial Demanded) |

Plaintiff alleges as follows:

**I.   Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").  In the course of attempting

1
2
3
4
5
6
to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of the Court over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV. Parties

9. Plaintiff is an individual residing in Maricopa

County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
12. Defendant Weinstein & Riley, P.S. (hereinafter "W&R") is a Washington corporation, and a law firm with its primary offices located at 2001 Western Avenue, Suite 400, Seattle, Washington.
13. W&R employs one or more attorney's licensed to practice law in the state of Arizona and in the Arizona courts.
14. W&R is engaged in the business of collecting debts alleged to be due another.
15. W&R is a "debt collector" as defined by FDCPA § 1692a(6).
16. Defendant Richard S. Ralston is an Arizona licensed attorney employed by W&R.
17. Ralston also holds the position of an officer (Treasurer) of W&R.
18. Ralston engages in the business of collecting debts alleged to be due another.
19. Ralston is a "debt collector" as defined by FDCPA § 1692a(6).
20. W&R also employs non-attorneys to assist the firm in

the collection of debts alleged to be due another.
21. W&R is liable for the acts of it's employees and agents within the scope of their authority under the doctrine of respondent superior.
22. Defendant Faslo Solutions, LLC is a Delaware limited liability company authorized to conduct business in Arizona.
23. Faslo is engaged in the business of collecting debts alleged to be due another.
24. Faslo is licensed by the Arizona Department of Financial Institutions as a collection agency, with license number 0910492.
25. Faslo is a "debt collector" as defined by FDCPA § 1692a(6).
26. At all times relevant herein, W&R and Ralston acted as agents of Faslo Solutions, LLC in the collection or attempted collection of an alleged debt from Plaintiff.

**V.   Factual Allegations**

27. In February 2006, Plaintiff financed the purchase of a single family home in Goodyear, Arizona using two loans secured by deeds of trust in what is commonly known as a 80/20 loan, the first loan being 80% of the home's value, and the second 20%.
28. Both mortgages are purchase money loans subject to

-5-

1  A.R.S. §§ 33-729 and 33-814, the Arizona anti-deficiency statutes.

29. The Second Mortgage (hereinafter "Mortgage") was assigned or transferred to Faslo for serving in or about February 2008.

30. At the time the Mortgage was assigned to Faslo, Plaintiff was in default on his payments.

31. Sometime thereafter, Faslo assigned the Mortgage to W&R and Ralston for collection purposes.

32. Defendants prepared a complaint which was signed by Ralston on November 7, 2008.

33. On or about January 15, 2009, Defendants Ralston and his firm W&R filed or caused to be filed the Complaint on behalf of Faslo in Maricopa County Superior Court against Plaintiff claiming a deficiency balance of $44,708.63.

34. In their Superior Court complaint, Defendants allege that Plaintiff is indebted to Faslo in the amount of $44,708.63, together with interest accrued, attorney's fees and court costs.

35. Defendants served or caused Plaintiff to be served with the Summons and Complaint on or about March 11, 2009.

36. At the time Defendants prepared the lawsuit in November 2008, they knew or should have known that

any alleged deficiency on the Mortgage was subject to the anti-deficiency laws of the state of Arizona.

37. At the time Defendants filed the lawsuit in January 2009, they knew or should have known that any alleged deficiency on the Mortgage was subject to the anti-deficiency laws of the state of Arizona.

38. Upon information and belief, Defendants have filed dozens of similar lawsuits against Arizona consumers on defaulted purchase money home loans, and that it is a regular practice of Defendants to do so.

39. The actions taken by Defendants as set forth above were illegal, and made with intent to harass, embarrass and humiliate Plaintiff and to illegally coerce payment out of him.

40. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages. These damages include, but are not limited to, legal fees, embarrassment, humiliation, and other extreme emotional distress.

41. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.

42. In the alternative, Defendants' actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

43. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
44. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.
45. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

## VII. Demand for Jury Trial

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII. Prayer for Relief

WHEREFORE, Plaintiff requests that judgment be entered against Defendants and each of them for:

a) Statutory damages of $1,000.00 per defendant pursuant to §1692k;
b) Actual damages in an amount to be determined by trial;
c) Costs and reasonable attorney's fees pursuant to §1692k; and

1   d)  Such other relief as may be just and proper.

3   DATED    July 15, 2009   .

                                    s/ Floyd W. Bybee
                                    Floyd W. Bybee, #012651
                                    **Law Office of**
                                    **Floyd W. Bybee, PLLC**
                                    4445 E. Holmes Avenue
                                    Suite 107
                                    Mesa, AZ 85206-3398
                                    Office: (480) 756-8822
                                    Fax: (480) 302-4186
                                    floyd@bybeelaw.com

                                    Attorney for Plaintiff